JAMES PECK, RUTH BERKENFELD, MORRIS HOROWITZ, ANNABELLE HENRY, DANIEL HOFFMAN, SAMUEL SCOTT AND HERBERT KELMAN, PROSECUTORS, v. POLICE COURT OF THE BOROUGH OF FORT LEE, BERGEN COUNTY, NEW JERSEY, RESPONDENT.

Argued January 20, 1948—Decided March 4, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutors, *Meyer Pesin* and *Hiram Elfenbein*.

For the respondent, *Lawrence A. Cavinato* (*Albert S. Gross*, of counsel).

The opinion of the court was delivered by

WACHENFELD, J. Prosecutors were charged and convicted in the Police Court of. the Borough of Fort Lee of forcibly interfering with a member of the police department in the performance of his duties. At the outset of trial counsel for prosecutors demanded a trial by jury, which was denied. The question is presented whether the court committed reversible error in proceeding to try the prosecutors without a jury after the demand was so made.

The constitutional right of trial by jury in article 1, paragraph 7, of the New Jersey Constitution of 1844 preserves the right in cases where it existed at the time of the adoption of the constitution and was not intended to introduce the right in cases where by law and long precedent it did not previously exist. *McGear* v. *Woodruff*, 33 *N. J. L.* 213. Convictions before magistrates for small criminal offenses and penalties for offenses minor in character, unknown to the common law, were never within the scope of the right. *McGear* v. *Woodruff*, *supra*; *State Board of Medical Examiners of New Jersey* v. *Buettel*, 102 *Id*. 74.

Where the legislature creates a statutory offense and provides for its punishment, it can determine the procedure to be followed shall be summary without a jury. This legislative intent, not being in conflict with the constitution, will be enforced. *Carter Bros.* v. *Camden District Court*, 49

N. J. L. 600; *State* v. *Rodgers,* 91 *Id.* 212; *State Board of Medical Examiners of New Jersey* v. *Buettel, supra; Annett* v. *Salsberg,* 135 *Id.* 122; *affirmed,* 136 *Id.* 194.

Just as the legislature can determine that certain cases not included within the constitutional protection shall be by summary proceedings and without jury, similarly the legislature may provide for the right of trial by jury and the legislative mandate will be enforced. If a timely demand is made the court has no discretion but to proceed in accordance with the statute. *Vineland* v. *Denoflio,* 74 *N. J. L.* 326.

In the present case the offense concerned is not within the constitutional guarantee of trial by jury. However, the legislature, referring only to boroughs, has specifically provided in *R. S.* 40:87–40:

"In all cases where the fine or penalty shall exceed twenty dollars, or where the punishment shall be imprisonment for a term exceeding seven days, there may be a trial by jury, to be conducted as in cases now triable in the small cause courts."

Although that section deals with powers of a borough mayor, by *R. S.* 2:223–1 the same is made applicable to borough recorders.

The denial by the court of prosecutors' request for a trial by jury was contrary to this legislative provision and constituted reversible error.

Judgment reversed, with costs.